

**Domenique Camacho Moran**
Direct Dial: 516-227-0626
Direct Fax: 516-336-2762
dmoran@farrellfritz.com

1320 RXR Plaza
Uniondale, NY  11556
www.farrellfritz.com

Our File No.
30805/101

February 24, 2016

**VIA ECF**
Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *DeCastro et al. v. Timeless Hospitality Group, LLC et al.*,
    <u>Civil Action No. 15 Civ. 1374 (JLC)</u>

Dear Judge Cott:

  Farrell Fritz, P.C. represents Defendants in the above-referenced action.  In accordance with Your Honor's instructions, we write regarding the status of the settlement documents.  Unfortunately, we have been unable to speak with the Defendants during the last few weeks and do not have authorization to execute the Stipulation of Discontinuance.  In addition, we respectfully request a pre-motion conference with the Court in accordance with Your Honor's individual rules.  Pursuant to S.D.N.Y. Local Rule 1.4, Farrell Fritz, P.C. plans to file an application to withdraw as counsel to Defendants in this litigation based on the below grounds.

  First, when an existing client fails to "cooperate with counsel in the prosecution or defense of an action by, among other things, failing to communicate with counsel," it is well established that "an adequate basis" exists "upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client." *Callahan v. Consolidated Edison Co. of New York, Inc.*, No. 00 Civ. 6542(LAK)(KNF), 2002 WL 1424593, *1 (S.D.N.Y. July 1,2002). In addition, Rule 1.16(c)(7) of the New York Rules of Professional Conduct expressly authorizes withdrawal when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."  Here, Defendants have repeatedly failed to communicate with counsel during multiple stages of the litigation.  Most notably, Defendants have ignored repeated calls and emails inquiring as to the status of their signature pages.  This basis alone is sufficient to permit withdrawal.  *See Bio Hi-Tech Co., Ltd. v. Comax, Inc.*, No. 07 CV 2260(RRM)(CLP), 2008 WL 3849554, *2 (E.D.N.Y. Aug. 18,2008) (permitting withdrawal where among other things the client has "failed to communicate with [counsel] [and] ha[s] not maintained contact" with counsel).

  Second, the New York Rules of Professional Conduct also authorize withdrawal where "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or

Hon. James L. Cott
Page 2 of 2
February 24, 2016

fees." N.Y. Rules of Prof. Conduct 1.16(c)(5). "It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw." *D.E.A.R. Cinestudi S.P.A. v. International Media Films, Inc.*, No. 03 Civ. 3038(RMB), 2006 WL 1676485, *1 (S.D.N.Y. June 16,2006); *see also Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, No. 95 Civ. 2144(JGK), 1997 WL 109511, at * 2 (S.D.N.Y. Mar. 11, 1997) ("Courts have uniformly granted motions to withdraw when attorneys allege non-payment of fees by their clients."). Here, Defendants have failed to pay several invoices, resulting in an outstanding amount of more than $76,000.00. As Defendants have repeatedly taken the position that they have extremely limited funds, it is highly doubtful that Farrell Fritz will be paid for any subsequent legal work it might perform on Defendants' behalf.

      We appreciate Your Honor's time and attention and shall await further direction from the Court with respect to how the parties should proceed.

Very truly yours,

/s/ *Domenique Camacho Moran*

Domenique Camacho Moran

cc: Pelton & Associates PC (*by ECF*)
    Named Defendants

Interwoven\5202814.3